Arthur P. MOSER, et al.,
Plaintiffs-Appellants,

v.

TEXAS TRAILER CORPORATION, et al., Defendants-Appellees.

No. 82–2257
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1982.

John N. Barnhart, Houston, Tex., for plaintiffs-appellants.

Kenneth Tekell, Houston, Tex., for Texas Trailer Corp.

Robert C. Floyd, Houston, Tex., for Crescent Petroleum.

Before GEE, RANDALL and TATE, Circuit Judges.

GEE, Circuit Judge:

We have written upon this matter before, stating the facts and the parties' contentions at length in our opinion on a former appeal reported at 623 F.2d 1006 (1980). Among other things, we there directed a remand for consideration by the district court of possible liability under 33 U.S.C. § 905(b), a question that it did not reach at the first trial because of rulings reversed by us on the former appeal. This is plaintiff Moser's appeal from that court's judgment on the § 905(b) issues adverse to him. We repeat here only such facts as are necessary to an understanding of our holding.

Defendant Crescent Petroleum Corporation purchased a housing module to be used by its employees as quarters during their work on an oil project in the Persian Gulf. It arranged with others to load the module, a two-story structure, first on a barge and from it onto an ocean-going vessel for its voyage to the Gulf. In order to make way for the downward passage of crane cables to lifting points in the module's base, it was necessary to remove two 3 × 6-foot floor gratings from a second floor walkway. This was done and the module loaded on the barge. Those whom Crescent had hired to do the loading left the grates off and the openings unguarded in anticipation of reattaching cables for the lift onto the ship.

On the day planned for the final lift, plaintiff Moser, an employee of an engineering concern retained by Crescent to help with the construction of its Persian Gulf project, was detailed to observe the loading and report any damage caused the module. In the course of checking equipment, he passed by the first opening, stepped over the second and climbed stairs to a higher level. Returning, he stepped into or tripped and fell through the first opening to the dock, sustaining serious injury. He sued Crescent and others on the admiralty side, asserting as to Crescent two theories of recovery: (1) That as owner, it owed him a duty to maintain the module in a condition not unreasonably dangerous; and (2) that as charterer of the barge it was liable for negligence under Section 905 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*

In a bench trial, the district court found that Crescent was liable on the first theory, holding that Crescent, as owner and possessor of the module, owed Mr. Moser a duty to maintain it in a safe condition, one breached by its negligent failure to discover the hazardous opening or take positive action to keep the module safe for invitees. So holding, it failed to reach the second theory of liability. On appeal, applying "the general law of torts," we held that since Crescent retained no control over the manner of performance of the work by the independent contractors who were loading the module and had no knowledge of the dangerous temporary condition created by them, it owed Mr. Moser no duty—absent a peculiarly unreasonable risk of physical harm—to discover and remedy hazards created by the contractors. 623 F.2d at 1015. We remanded the case, however, "for a determination of Crescent's status as owner of the vessel and any attendant duties under 905(b)." *Id.* at 1016.

On remand the district court assumed rather than finding that Crescent was the shipowner and that the condition in the

module was a dangerous condition in the vessel itself. Even so, the court held that Crescent breached no duty it owed Mr. Moser since his injury was caused by a transitory condition of which it had no knowledge, created by independent contractors over whom it retained no control. We affirm that holding for the reasons stated in our former opinion. See also *Scindia Steam Navigation Co., Ltd. v. De Los Santos,* 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981); *Guidry v. Continental Oil Co.,* 640 F.2d 523 (5th Cir. 1981), *cert. denied,* 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981); *Mallard v. Aluminum Co. of Canada, Ltd.,* 634 F.2d 236 (5th Cir.1981), *cert. denied,* 454 U.S. 816, 102 S.Ct. 386, 70 L.Ed.2d 85 (1981).

The liability as to third persons provided by 33 U.S.C. § 905(b) is one for negligence.[1] Since *Scindia,* at all events, it is clear that this liability is no more than, if as, extensive as that subsisting under "the general law of torts." Under that law, we held on the former opinion that no duty was owed Mr. Moser by Crescent. It follows that none was owed him under § 905(b).

AFFIRMED.

---

1. Title 33 U.S.C. § 905(b) provides:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.